# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tyron Foxworth; Doris Hamilton; Karen Burdett; Karen Hairston; Ted Lively; Arlene Gibson; and Stanley Burke, <br><br> Plaintiffs, <br> v. <br><br> South Jersey Transportation Authority; Stephen F. Dougherty, in his official capacity as Executive Director of the South Jersey Transportation Authority; International Federation of Professional and Technical Engineers, Local 196, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

## INTRODUCTION

1. On June 27, 2018, the Supreme Court held the First Amendment guarantees public employees a right not to subsidize union speech and that states and unions violate that right by seizing payments for union speech from employees without their consent. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). The South Jersey Transportation Authority and Local 196 of the International Federation of Professional and Technical Engineers are violating Plaintiff employees' First Amendment rights by seizing payments for union speech from them without their consent and over their objections. Plaintiff employees seek declaratory relief, injunctive relief, and compensatory damages to remedy Defendants' violations of their First Amendment rights.

## PARTIES

2. Plaintiff Tyron Foxworth resides and works in Atlantic County, New Jersey.

3. Plaintiff Doris Hamilton resides and works in Camden County, New Jersey.

4. Plaintiff Karen Burdett resides in Burlington County, New Jersey, and works in Camden County, New Jersey.

5. Plaintiff Karen Hairston resides and works in Camden County, New Jersey.

6. Plaintiff Ted Lively resides and works in Atlantic County, New Jersey.

7. Plaintiff Arlene Gibson resides and works in Camden County, New Jersey.

8. Plaintiff Stanley Burke resides in Cumberland County, New Jersey, and works in Camden County, New Jersey.

9. Defendant South Jersey Transportation Authority ("SJTA" or "Authority") is a public body corporate and politic that manages transportation-related services in Atlantic, Camden, Cape May, Cumberland, Gloucester, and Salem Counties. *See* N.J. STAT. ANN. § 27:25A-4. The SJTA can be sued in its own name, *see id.* at § 27:25A-7(d), and is headquartered at the Farley Service Plaza, Elwood, NJ 08017.

10. Defendant Stephen F. Dougherty is the SJTA's Executive Director and is sued in his official capacity. The Executive Director exercises, on behalf of the Board of Commissioners, administrative power over the Authority, which includes administrative power over personnel, and executes contracts on behalf of the Authority. *See* N.J. STAT. ANN. § 27:25A-5(e); South Jersey Transportation Authority Bylaws, Art. IV, § 5; *id.* at Art. V.

11. Defendant International Federation of Professional and Technical Engineers

Local 196 ("Local 196") is a labor organization headquartered at 895 Green Street, Iselin, New Jersey 08830, and does business within this judicial division.

12. Plaintiffs are employed by SJTA as drivers in a bargaining unit exclusively represented by Local 196.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

14. Venue is proper under 28 U.S.C. § 1391 because all Defendants reside in this judicial division, each plaintiff resides in this judicial division, and events giving rise to the claims occurred within this judicial division.

## FACTS

**A. SJTA and Local 196 Prohibit Employees from Stopping Dues Deductions Prior to July 1 Pursuant to Their Collective Bargaining Agreement and New Jersey Statute Annotated Section 52:14-15.9e.**

15. SJTA is subject to the provisions and requirements of New Jersey Statute Annotated Section 52:14-15.9e ("Section 52:14-15.9e"), which requires New Jersey public bodies to deduct union dues from their employees' compensation, and remit those monies to a union, if an employee authorizes those deductions.

16. Section 52:14-15.9e also governs when employees can stop deductions of union dues from their wages. In recent years, New Jersey twice amended the provisions of the statute that govern when employees can stop dues deductions.

17. Prior to May 18, 2018, Section 52:14-15.9e stated that:

> Any such written authorization may be withdrawn by such person holding employment at any time by the filing of notice of such withdrawal with the above-mentioned disbursing office. The filing of notice of withdrawal shall be effective to halt deductions as of the January 1 or July 1 next succeeding the date on which notice of withdrawal is filed.

N.J. Stat. Ann. § 52:14-15.9e (prior to amendment by P.L. 2018, c.15, § 6, eff. May 18, 2018). The statute also stated that a "collectively negotiated agreement may also include a provision specifying the effective date of a termination in deductions as of the July 1 next succeeding the date on which notice of withdrawal is filed by an employee with the public employer's disbursing officer." *Id*.

18. Effective May 18, 2018, New Jersey amended Section 52:14-15.9e in the so-called "Workplace Democracy Act" to, among other things, state that:

> Employees who have authorized the payroll deduction of fees to employee organizations may revoke such authorization by providing writ-ten notice to their public employer during the 10 days following each anniversary date of their employment. Within five days of receipt of notice from an employee of revocation of authorization for the payroll deduction of fees, the public employer shall provide notice to the employee organization of an employee's revocation of such authorization. An employee's notice of revocation of authorization for the payroll deduction of employee organization fees shall be effective on the 30th day after the anniversary date of employment.

N.J. Stat. Ann. § 52:14-15.9e (as amended by P.L. 2018, c.15, § 6, eff. May 18, 2018). As amended in May 2018, Section 52:14-15.9e continued to state that a "collectively negotiated agreement may also include a provision specifying the effective date of a termination in deductions as of the July 1 next succeeding the date on which notice of withdrawal is filed by an employee with the public employer's disbursing officer." *Id*.

19. Effective January 18, 2022, New Jersey amended Section 52:14-15.9e in the so-called "Responsible Collective Negotiations Act" to, among other things, state that:

> Employees who have authorized the payroll deduction of fees to employee organizations prior to the effective date of the "Workplace Democracy Enhancement Act", P.L.2018, c.15 (C.34:13A5.11 et seq.), may revoke such authorization in accordance with the law in effect at the time of their initial authorization of payroll deduction of fees or with the terms of that authorization as those terms are set forth on the record bearing the employee's signature, provided the terms were consistent with the law in effect at the time.
>
> Employees who have authorized the payroll deduction of fees to employee organizations on or after the effective date of the "Workplace Democracy Enhancement Act", P.L, 2018, c.15 (C.34:13A-5.11 et seq.), may revoke such authorization by providing written notice to their public employer. An employee's notice of revocation of authorization for the payroll deduction of employee organization fees shall be effective on the 30th day after the anniversary date of employment.

N.J. Stat. Ann. § 52:14-15.9e (as amended by P.L. 2021, c.411, § 12, eff. Jan. 18, 2022). Section § 52:14-15.9e also continued to state, after the January 2022 amendments, that a "collectively negotiated agreement may also include a provision specifying the effective date of a termination in deductions as of the July 1 next succeeding the date on which notice of withdrawal is filed by an employee with the public employer's disbursing officer." *Id*.

20. Since on or around July 2018, Local 196 has been the exclusive representative of SJTA employees in the "Chapter 11" bargaining unit. SJTA and Local 196 are parties to a collective bargaining agreement governing Chapter 11 unit employees that is effective January 1, 2020 to December 31, 2023 ("CBA").

21. Article 4 of the CBA governs dues deductions. Section 1 of Article 4 states, in relevant part, that "SJTA agrees to make payroll deductions of Union dues provided that the employee submits an authorization for dues deduction on the appropriate

5

form." Section 2 of Article 4 states:

> Employees shall be eligible to withdraw authorization for dues deduction only as of July 1 of each year provided the notice of withdrawal is filed prior to July 1 with the appropriate SJTA employee/payroll clerk. Unless an employee withdraws authorization for the deduction of Union dues, the SJTA will continue to deduct dues.

22. SJTA and Local 196's foregoing restriction on when employees can stop dues deductions is authorized by Section 52:14-15.9e, which stated both before and after its May 2018 and January 2022 amendments that a "collectively negotiated agreement may also include a provision specifying the effective date of a termination in deductions as of the July 1 next succeeding the date on which notice of withdrawal is filed by an employee with the public employer's disbursing officer." N.J. Stat. Ann. § 52:14-15.9e.

**B. The Defendants Seize Payments for Union Speech from Plaintiffs Over Their Objections and Without Their Consent.**

23. Plaintiffs are drivers employed by SJTA in the Chapter 11 bargaining unit and are subject to Local 196's exclusive representation and to the terms of SJTA and Local 196's CBA.

24. On information and belief, in December 2018, each Plaintiff signed a form ("the Form") that, in its first section, authorized membership in Local 196 and that, in its second section, authorized SJTA to deduct union dues from Plaintiffs' compensation. The section of the Form governing SJTA payroll deductions states:

> The undersigned desires to have you deduct from my pay, commencing with the pay period next beginning after receipt of this authorization by you, the sum of one percent (1%) of my basic salary, and continue such deductions regularly thereafter, and pay the sums so deducted to Local 196, International Federation of Professional and Technical Employees, AFL-CIO.

> In making this request, I acknowledge that I may not withdrew this authorization except by filing of notice of such withdrawal with you, and that if I should file Notice of Withdrawal with you in the future, it shall not be effective to halt these deductions until the first payroll period beginning on or after January 1 or July 1 next succeeding the date on which such Notice of Withdrawal is Filed.

25. By signing the Form, Plaintiffs did *not* consent to only being able to stop union dues deductions effective July 1 of each year or otherwise agree to abide by the restriction on stopping dues deductions found in Article 4, Section 2 of the CBA. Under the terms of the Form, Plaintiffs could stop union dues deductions on "the first payroll period beginning on or *after January 1* or July 1 next succeeding the date on which such Notice of Withdrawal is Filed." (emphasis added).

26. As detailed below, each Plaintiff had union dues seized from their wages after January 1, 2022 despite providing a notice of withdrawal prior to that date.

27. On October 1, 2021, Plaintiffs Foxworth, Hamilton, and Burdett submitted identical letters ("October 1 Letter") via mail, fax, and email addressed to Local 196 and SJTA announcing their resignation from Local 196's executive board and membership and their revocation of their dues deduction authorizations. The October 1 Letter stated: "I request that the South Jersey Transportation Authority discontinue Deduction of dues from my paycheck immediately. Or I request that the (SJTA) Cease from deduction of dues as soon thereafter as possible. Please cease the Deduction of dues from my paycheck no later than January 1, 2022. This Resignation is effective immediately."

28. In response to Plaintiff Foxworth's October 1 Letter, Local 196 President Sean

7

McBride sent an email to Foxworth dated October 5, 2021, stating, in relevant part:

> You will still be considered a member in good standing because you are still paying dues as per the application you signed should you decide to no longer want to be a member of Local 196 you have that option and that will take effect in July of 2022. We would then request that you put it in writing and you would be removed from the dues list.
>
> In the meantime you have all the rights and privileges of any member of IFPTE Local 196.

29. On October 8, 2021, Foxworth sent an email with an attached copy of his October 1 Letter to SJTA payroll officer Heather Mallette and SJTA Manager of Human Resources Tina Harvey. The email stated, in relevant part: "Dear Heather: As the Payroll person in the finance office of the (SJTA) please find a copy of my Resignation from IFPTE Local 196, Chapter#11, and Request for the SJTA to discontinue deducting dues from my paycheck." SJTA did not respond to Foxworth's email.

30. On October 14, 2021, Plaintiff Hairston sent an email addressed to SJTA and Local 196 notifying them that "I Karen Hairston would like to come out of the Union effective immediately please stop taking money out of my pay check for union dues." Hairston never received a response to this email.

31. On or around November 1, 2021, Plaintiff Foxworth sent another letter to SJTA and Local 196 that reiterated that he resigned his union membership and revoked his dues deduction authorization. On November 3, 2021, Foxworth also sent an email with a copy of that letter to McBride, Harvey, and Mallette. Foxworth never received a response to these communications.

32. On or about November 4, 2021, Plaintiff Hamilton delivered a letter to SJTA's human resources department and Local 196 reiterating her membership resignation

8

and dues deduction authorization revocation.

33. On or about November 4, 2021, Plaintiff Burdette delivered a letter to SJTA's human resources department and Local 196 reiterating her membership resignation and dues deduction authorization revocation.

34. On or about November 4, 2021, Plaintiff Lively delivered a letter to SJTA's human resources department and Local 196 that stated that he resigned his union membership and revoked any dues deduction authorization he may have signed.

35. On or about November 9, 2021, Plaintiff Hairston delivered a letter to SJTA's human resources department and Local 196, reiterating her membership resignation and dues deduction authorization revocation.

36. On or about November 11, 2021, Plaintiff Burke delivered a letter to SJTA's human resources department and Local 196 that stated that he resigned his union membership and revoked any dues deduction authorization he may have signed.

37. On or about November 12, 2021, Plaintiff Gibson delivered a letter to SJTA's human resources department and Local 196 that stated that she resigned her union membership and revoked any dues deduction authorization she may have signed.

38. Even though Plaintiffs each provided notice to Local 196 and SJTA prior to January 1, 2022 that they resigned their union membership and revoked their dues deduction authorizations, SJTA and Local 196 seized union dues from Plaintiffs' compensation in the first payroll period after January 1, 2022. Since January 1, 2022, SJTA and Local 196 have continued to seize union dues from Plaintiffs' wages without their consent and, on information and belief, will continue to do so.

39. On information and belief, SJTA and Local 196 have been seizing union dues from Plaintiffs' wages since January 1, 2022, pursuant to Article 4, Section 2 of their CBA, which states that "[e]mployees shall be eligible to withdraw authorization for dues deduction only as of July 1 of each year provided the notice of withdrawal is filed prior to July 1 with the appropriate SJTA employee/payroll clerk," and pursuant to the language in Section 52:14-15.9e that authorizes this restriction on when employees can stop dues deductions.

40. Plaintiffs did not consent, in the Form or otherwise, to pay union dues until July 1 of each year or to abide by the restriction on stopping dues deductions required by Article 4, Section 2 of SJTA and Local 196's CBA.

41. Plaintiffs also did not waive their First Amendment right not to subsidize Local 196 and its speech by signing the Form, which contains no language informing employees of their First Amendment right not to subsidize union speech and no language stating that the signatory agrees to waive that constitutional right.

42. Since at least January 1, 2022, SJTA and Local 196 have compelled Plaintiffs to subsidize Local 196 and its speech without their consent and over their objections. On information and belief, SJTA and Local 196 will continue to compel Plaintiffs to subsidize Local 196 and its speech without their consent and over their objections.

43. SJTA's Executive Director, Defendant Dougherty, is the SJTA official responsible for CBA Article 4, Section 2 and for the deduction of union dues from Plaintiffs' wages after January 1, 2022, because SJTA's Executive Director enters into contracts for SJTA and exercises administrative power over SJTA personnel matters.

## CAUSE OF ACTION

44. Plaintiffs reallege and incorporate by reference the paragraphs set forth above.

45. Defendants act under color of state law, including Section 52:14-15.9e and N.J. Stat. Ann. § 34:13A-1 *et seq.*, by deducting and collecting union dues from Plaintiffs' wages and by maintaining and enforcing CBA Article 4, Section 2's restriction on when employees can stop union dues deductions.

46. Local 196 is a state actor because it acts jointly with SJTA, pursuant to Section 52:14-15.9e, and Article 4 of its CBA with SJTA, in deducting and collecting union dues from Plaintiffs' wages and in maintaining and enforcing CBA Article 4, Section 2's restriction on when employees can stop union dues deductions.

47. On June 27, 2018, the Supreme Court in *Janus* held the First Amendment guarantees public employees a right not to pay for union speech and that states and unions violate that right by seizing payments for union speech from employees without their consent. 138 S. Ct. at 2486.

48. Defendants, by seizing payments for union speech from Plaintiffs after January 1, 2022 without their consent, violate Plaintiffs' First Amendment right to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

49. Plaintiffs are suffering the irreparable harm and injury inherent in a violation of their First Amendment rights, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment that Defendants violate Plaintiffs' First Amendment right to free speech and association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by: (1) seizing payments for union speech from Plaintiffs without their consent; and (2) enforcing CBA Article 4, Section 2 against Plaintiffs.

B. Permanently enjoin Defendants from seizing payments for union speech from Plaintiffs and from enforcing CBA Article 4, Section 2 against Plaintiffs.

C. Order Local 196 to pay compensatory damages to Plaintiffs for the union dues it seized from them without their consent, plus interest, or alternatively to provide restitution to Plaintiffs.

D. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

G. Grant other and additional relief as the Court may deem just and proper.

Dated: May 2, 2022.

> By /s/ Michael P. Laffey
> Michael P. Laffey
> Attorney at Law
> 222 Highway 35, 2nd Floor
> Red Bank, NJ 07701
> Tel (732) 642-6784
> mplaffeylaw@gmail.com
>
> and
>
> William L. Messenger (Va. Bar. 47179)
>  (Pro Hac Vice Motion to be filed)
> Christian C. Wilson (Ma. Bar.)

      (Pro Hac Vice Motion to be filed)
C/o National Right to Work Legal Defense
 Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel (703) 321-8510
wlm@nrtw.org
ccw@nrtw.org